## Varney v. Trout et al.

(Decided January 24, 1930.)

J. M. BOLLING and BOLLING & CREEKMORE for appellant.

L. J. MAY for appellees.

OPINION OF THE COURT BY JUDGE GRIGSBY—Reversing.

The controversy in this case is between the mother and paternal grandfather of Gertrude Varney. The sole question is her custody. The circuit court decided in favor of the mother, and the grandfather appeals. While Cleo Varney was the wife of Floyd Varney, there was born unto their marriage this child, Gertrude Varney, who is now about seven years of age. It is conclusively shown by the record that while living with her former husband, Floyd Varney, the father of this child, Cleo Varney, now Cleo Varney Trout, lived in adultery with her present husband and was guilty of improper conduct with other men. Her husband, Floyd Varney, worked in the mines often at nighttime as well as during daytime,

and appellee would take her small child, Gertrudë Varney, to the home of its grandfather Bud Varney and grandmother Vicy Varney and leave this child Gertrude with them while she went out in automobiles at nighttime with men other than her husband, and particularly Alvis Trout, who is now her present husband. Floyd Varney obtained a divorce from Cleo Varney on the grounds that she was unchaste and had been guilty of lewd and lascivious conduct and had committed adultery. The custody of their child, Gertrude Varney, was awarded to the father, Floyd Varney.

The appellee Alvis Trout, who is the present husband of Cleo Varney Trout, at the time of his misconduct with the appellee Cleo Varney Trout was also married and had seven children. He obtained a divorce and within a few days thereafter married Cleo Varney, now Cleo Varney Trout. Floyd Varney likewise married Ruth Varney, who filed joint answer with the grandfather in this suit, but she is not prosecuting an appeal. Cleo Varney Trout now has one child as the result of her marriage with Alvis Trout. The former wife of Alvis Trout with their seven children live in a house about 40 or 50 feet from the house now occupied by Cleo Varney Trout and Alvis Trout. This record discloses a deplorable condition existing at the time the court awarded the custody of this child to the father. The testimony discloses that the child had no shoes, was very scantily clothed, and had been so neglected that it was infested with lice and sores on its head. On November 8, 1928, Floyd Varney was killed in a mine accident. Cleo Varney Trout, the mother of this child, Gertrude Varney, qualified as guardian for this child and instituted proceedings to recover its custody. It is shown that while the custody of Gertrude Varney was awarded to her father, Floyd Varney, yet the grandfather Bud Varney and his wife have had the actual care and custody of this child and have kept and cared for her since said time.

The grandfather Bud Varney is now 62 years old and has a fairly comfortable home, and their reputation for morals, truthfulness, and honesty is good, as is shown by the testimony of a number of reputable citizens of Pike county, including the circuit court clerk, deputy sheriff, a justice of the peace, the county court clerk, and the jailer of Pike county. Be it said, however, to the credit of the appellee Cleo Varney Trout, that since her marriage to Alvis Trout her life has been one of rectitude.

In the case of Bedford v. Hamilton, 153 Ky. 434, 155 S. W. 1128, 1131, this court said: "The welfare of the child is the paramount question, and the chancellor will close his eyes to all other considerations and look alone to the one great, vital thing, viz.: What will bring the best results in the end to the infant?" A later opinion to the same effect, Cummins v. Bird, 230 Ky. 296, 19 S. W. (2d) 959.

Gertrude Varney expressed a preference to remain with her grandparents and relates an incident when she was whipped with a razor strop by her stepfather, Alvis Trout, and is evidently very reluctant to undertake to live with her mother and stepfather. The determination of that question, of course, is not with the child, and yet her wishes in the matter are entitled to consideration, and it would necessarily require time to overcome the aversion that would be natural at the inception of this new relationship.

The courts have no greater responsible or more difficult question than the determination of the question respecting the custody of children. However, when the welfare of the child is fully determined, the duty of the court is plain. The duty of denying to the mother the custody of her child is a solemn one, but when the welfare of the child will be promoted by awarding its custody to the grandparents, then the duty of the court becomes clear and the custody will be awarded to the grandparents. Of course, the appellee Cleo Varney Trout will be permitted to see and visit her child upon proper occasions to be regulated by the trial judge.

The judgment is reversed, with directions to enter a judgment awarding the custody of the child to appellant Bud Varney, with such additional orders as will secure to the appellee Cleo Varney Trout the privilege of visiting the child at such times as may be deemed proper.